UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**TADESE SHIFERAW**            **CASE NO. 6:20-CV-1279 SEC P**

**VERSUS**            **JUDGE MICHAEL J. JUNEAU**

**PULASKI COUNTY**
**DETENTION CENTER, ET AL**      **MAGISTRATE JUDGE HANNA**

## REPORT AND RECOMMENDATION

Before the court is the pro se complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by Tadese Shiferaw, who is proceeding *pro se* and *in forma pauperis* in this matter.

Shiferaw is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE"), currently detained at the Pine Prairie ICE Processing Center ("PPIPC"). His complaint relates to events that allegedly occurred at the Pulaski County Detention Center in Ullin, Illinois, the Torrance County Detention Facility in Estancia, New Mexico, and at PPIPC. He names these three facilities as defendants.

### I. Background

On August 24, 2019, plaintiff was taken into ICE custody in Louisville, Kentucky. Rec. Doc. 1-2, p. 1. Following an immigration hearing, he was transferred to the Pulaski County Detention Center in Ullin, Illinois, on September

23, 2019. *Id*. On September 25, 2019, plaintiff slipped and fell as he was exiting the shower. *Id*. He received some medical care but alleges that the did not receive proper pain management while at the Pulaski County Detention Center. *Id*.

On November 25, 2019, he was transferred via airplane to the Alexandria Transfer ICE Processing Facility. He alleges that he was forced to move while handcuffed and in ankle shackles, without a wheelchair or mobilizing equipment, and without proper pain management. *Id*.

On December 5, 2019, plaintiff was transferred to ICE Headquarters in Arizona and, from there, he was transferred on December 12, 2019, to El Paso, Texas, handcuffed and in ankle shackles, without proper pain management. *Id*. On December 13, 2019, he was transferred, via bus, handcuffed and in ankle shackles, and allegedly without proper pain management, to Torrance County Detention Facility in Estancia, New Mexico, where he was detained until March 2, 2020. *Id*. at p. 2. Plaintiff alleges that he did not receive proper medical care in New Mexico. *Id*.

On March 2, 2020, plaintiff was transferred via airplane and bus, while handcuffed and in ankle shackles, to PPIPC in Pine Prairie, Louisiana, where he received a medical assessment the following day. *Id*. According to his complaint, continued to receive medical treatment while at PPIPC, however, he asserts that he has not received the physical therapy ordered by his physician and has not made any

progress. *Id*. Plaintiff alleges that he has been "slanted at a 35 degree angle forward when standing up" since November 2019. Doc. 1-2, pp. 1-2.

Plaintiff names as defendants the Pulaski County Detention Center, for not securing the slippery shower floors which caused his slip and fall and for not providing medical care after the injury. *Id*. at p. 3. He also names the Torrance County Detention Facility, as they allegedly failed to provide him medical care. *Id*. Finally, he names the PPIPC, alleging that they failed to provide him medical care, as well. *Id*.

The claims against the PPIPC are being addressed herein. Claims against the Pulaski County Detention Center and the Torrance County Detention Facility are addressed in a separate order.

## II. Law and Analysis

### a. *Frivolity Review*

Plaintiff has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### b. Bivens Claim

A Bivens suit provides "a remedy against federal officers, acting under color of federal law, that [is] analogous to [a] section 1983 action against state officials." *Quinn v. Stokes*, 213 F.3d 636 [published in full-text format at 2000 U.S. App. LEXIS 40441], 2000 WL 554191, at *1 (5th Cir. 2000) (per curiam) (*quoting Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980)). In order to state a *Bivens* claim, Plaintiff must allege that an individual acting under federal law deprived him of a right secured by the United States Constitution. *Bivens*, 403 U.S. at 395-97.

However, as plaintiff states in his complaint, Pine Prairie ICE Processing Center is a private detention center operated by G.E.O. Group, Inc. Rec. Doc. 1-2, p. 3; *see also* https://www.geogroup.com/FacilityDetail/FacilityID/80. *Bivens* does

4

not apply to private prisons or private prison employees. *Minneci v. Pollard,* 565 U.S. 118 (2012) (prisoner cannot assert Eighth Amendment *Bivens* claim against private prison employees); *Corrections Services Corporation v. Malesko*, 534 U.S. 61 (2001) (*Bivens* does not apply to private corporate entities); *Eltayib v. Cornell Companies, Inc.*, No. 12–11100, 2013 WL 3242190 at *1 (5th Cir. Apr. 9, 2013) (unpublished) (prisoner could not sue GEO Group or its employees for damages under either § 1983 or *Bivens*).

In *Minneci*, a federal prisoner confined at a private prison sought to assert an Eighth Amendment claim of deliberate indifference to his serious medical needs against individual employees of the prison. *Id*. at 125. The Court held that where a federal prisoner seeks damages from an individual employed at a privately-operated prison for alleged conduct that falls within the scope of traditional state tort law, the prisoner must seek a remedy under state law. *Id*., at 123-131.

Accordingly, Plaintiff cannot maintain a *Bivens* action against either Pine Prairie ICE Processing Center or its employees. To the extent plaintiff is stating a *Bivens* claim, it is recommended that his claims be dismissed as not stating a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that plaintiff's claims against the Pine Prairie ICE Processing Center be **DISMISSED,** as not stating a claim upon which relief may be granted.

THUS DONE AND SIGNED in Chambers this 5th day of October, 2020.

_____
PATRICK J. HANNA
**UNITED STATES MAGISTRATE JUDGE**