UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**TADESE SHIFERAW**                          **CASE NO. 6:20-CV-1279 SEC P**

**VERSUS**                                   **JUDGE MICHAEL J. JUNEAU**

**PULASKI COUNTY**
**DETENTION CENTER, ET AL**                  **MAGISTRATE JUDGE HANNA**

## MEMORANDUM ORDER

Before the court is the pro se complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by Tadese Shiferaw, who is proceeding *pro se* and *in forma pauperis* in this matter.

Shiferaw is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE"), currently detained at the Pine Prairie ICE Processing Center ("PPIPC"). His complaint relates to events that allegedly occurred at the Pulaski County Detention Center in Ullin, Illinois, the Torrance County Detention Facility in Estancia, New Mexico, and at PPIPC. He names these three facilities as defendants.

### I.    Background

On August 24, 2019, plaintiff was taken into ICE custody in Louisville, Kentucky. Rec. Doc. 1-2, p. 1. Following an immigration hearing, he was transferred to the Pulaski County Detention Center in Ullin, Illinois, on September

23, 2019. *Id*. On September 25, 2019, plaintiff slipped and fell as he was exiting the shower. *Id*. He received some medical care but alleges that the did not receive proper pain management while at the Pulaski County Detention Center. *Id*.

On November 25, 2019, he was transferred via airplane to the Alexandria Transfer ICE Processing Facility. He alleges that he was forced to move while handcuffed and in ankle shackles, without a wheelchair or mobilizing equipment, and without proper pain management. *Id*.

On December 5, 2019, plaintiff was transferred to ICE Headquarters in Arizona, and from there, he was transferred on December 12, 2019, to El Paso, Texas, handcuffed and in ankle shackles, without proper pain management. *Id*. On December 13, 2019, he was transferred, via bus, handcuffed and in ankle shackles, and allegedly without proper pain management, to Torrance County Detention Facility in Estancia, New Mexico, where he was detained until March 2, 2020. *Id*. at p. 2. Plaintiff alleges that he did not receive proper medical care in New Mexico. *Id*.

On March 2, 2020, plaintiff was transferred via airplane and bus, while handcuffed and in ankle shackles, to PPIPC in Pine Prairie, Louisiana, where he received a medical assessment the following day. *Id*. According to his complaint, continued to receive medical treatment while at PPIPC, however, he asserts that he has not received the physical therapy ordered by his physician and has not made any

progress. *Id*. Plaintiff alleges that he has been "slanted at a 35 degree angle forward when standing up" since November 2019. Doc. 1-2, pp. 1-2.

Plaintiff names as defendants the Pulaski County Detention Center, for not securing the slippery shower floors which caused his slip and fall and for not providing medical care after the injury. *Id*. at p. 3. He also names the Torrance County Detention Facility, as they allegedly failed to provide him medical care. *Id*. Finally, he names the PPIPC, alleging that they failed to provide him medical care, as well. *Id*.

This order addresses only the claims against the Pulaski County Detention Center and the Torrance County Detention Facility. Claims against PPIPC are addressed in a separate ruling.

## II. Law & Analysis

Shiferaw names as defendants the Pulaski County Detention Center and Torrance County Detention Facility. A defendant must have purposefully established minimum contacts within the forum state before personal jurisdiction will be found to be reasonable and fair. *Int'l Shoe Co. v. Washington*, 66 S. Ct. 154 (1945). A federal district court may only exercise personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Louisiana's long-arm statute provides, in pertinent part:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
>
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
>
> (5) Having an interest in, using or possessing a real right on immovable property in this state.
>
> (6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
>
> (7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
>
> (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

La. R.S. §13:3201.

Shiferaw's only allegations against these two defendants are that they failed to provide him proper care while he was detained in their facilities. He has not

alleged facts, nor has he provided evidence, to suggest that either of these facilities maintained the sort of systematic and continuous contacts with Louisiana that would establish personal jurisdiction.

Accepting Shiferaw's factual allegations as true, his *Bivens* claims against the Pulaski County Detention Center arise from their negligence and lack of medical care provided to him while he was detained there, and his *Bivens* claims against the Torrance County Detention Facility arise from the lack of medical care provided to him while he was detained there. The alleged incidents underlying his claims occurred at different times and in different states.

Shiferaw's *Bivens* claims against the Pulaski County Detention Center and Torrance County Detention Facility should be severed and transferred, as opposed to dismissed. *See Weaver v. United States,* No. 17-657, 2018 U.S. Dist. LEXIS 160146, *15-16 (S.D. Miss., Aug. 9, 2018)*; see also Blackstone v. Ortiz*, No. 16-8600,( 2018 U.S. Dist. LEXIS 78945, 2018 WL 2148846, *8 (D.N.J. May 9, 2018) (severing and transferring claims against out-of-state prison officials to appropriate venue pursuant to 28 U.S.C. § 1406(a)); *Fisher v. United States*, No. CV 14-6499, 2015 U.S. Dist. LEXIS 131689, 2015 WL 5723638, *1 (C.D. Cal. June 18, 2015), report and recommendation approved, 2015 U.S. Dist. LEXIS 131666, 2015 WL 5705926 (C.D. Cal. Sept. 29, 2015) (severing and transferring claim against out-of-state prison doctor under Fed. R. Civ. P. 21 due to misjoinder); *Peterson v. United*

*States*, No. 6:14-cv-134, 2015 U.S. Dist. LEXIS 7461, 2015 WL 278093, *7 (E.D. Ky. Jan. 22, 2015) (severing and transferring claims against out-of-state prison officials pursuant to Fed. R. Civ. P. 21 due to misjoinder); *Sheffield v. Rios*, No. 1:09-cv-1851, 2012 U.S. Dist. LEXIS 36804, 2012 WL 928717, *5 (E.D. Cal. Mar. 19, 2012) (finding claims improperly joined where prisoner alleged inadequate medical care at different federal prisons at hands of different defendants).

The claim against these facilities may be transferred pursuant to 28 U.S.C. § 1631, which permits transfer in the interest of justice to cure want of jurisdiction.

### III. Conclusion

For the reasons stated above, the *Bivens* claims against the Pulaski County Detention Center, which arose in Pulaski County, Illinois, located in the judicial district of the United States District Court for the Southern District of Illinois, should be severed and transferred to the Southern District of Illinois. For the same reasons, the claims against the Torrance County Detention Facility, which arose in Torrance County, New Mexico, located in the judicial district of the United States District Court for the District of New Mexico, should be severed and transferred to the District of New Mexico.

Accordingly,

**IT IS ORDERED** that the *Bivens* claims against the Pulaski County Detention Center, which arose in Pulaski County, Illinois, located in the judicial

6

district of the United States District Court for the Southern District of Illinois, should be severed and transferred to the Southern District of Illinois.

**IT IS FURTHER ORDERED** that the *Bivens* claims against the Torrance County Detention Facility, which arose in Torrance County, New Mexico, located in the judicial district of the United States District Court for the District of New Mexico, should be severed and transferred to the District of New Mexico.

THUS DONE AND SIGNED in Chambers this 5th day of October, 2020.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**